**In the Matter of David Arnold MILKS.**

No. 98S00–0401–DI–12.

Supreme Court of Indiana.

June 24, 2004.

## ORDER IMPOSING IDENTICAL RECIPROCAL DISCIPLINE

The Indiana Supreme Court Disciplinary Commission filed its *Verified Notice of Foreign Discipline and Petition for Issuance of an Order to Show Cause* on January 13, 2004, advising that the respondent, David Arnold Milks, was disciplined by the Supreme Court of Illinois and requesting, pursuant to Ind. Admission and Discipline Rule 23(28), that identical reciprocal discipline be imposed in this state. On Febru-

ary 26, 2004, this Court issued an *Order to Show Cause,* to which the respondent has not responded. This case is now before us for final resolution.

We now find that the respondent was admitted to practice law in Indiana on October 11, 1977. The respondent's license to practice law in Indiana has been suspended since April 21, 2003 due to the respondent's failure to maintain the required number of continuing legal education credits. The respondent faced six counts of misconduct in Illinois. On July 2, 2003, the Review Board of the Illinois Attorney Registration and Disciplinary Commission affirmed the findings of the hearing board, which found that the respondent solicited prospective clients through non-lawyers in violation of Rule 7.3 of the *Rules of Professional Conduct;* assisted in the unauthorized practice of law in violation of Prof.Cond.R. 5.5(b); engaged in conduct prejudicial to the administration of justice in violation of Prof. Cond.R. 8.4(a)(5); failed to promptly deposit settlement funds in violation of Prof. Cond.R. 1.3 and failed to keep cancelled checks related to his practice in violation of Illinois Supreme Court Rule 769. The Board recommended that the respondent be suspended for two years. On November 14, 2003, the Illinois Supreme Court ordered that the respondent be suspended for two years. *In re: David Arnold Milks,* No. 99CH20.

We find further that, pursuant to Admis.Disc.R. 23(28)(c),[1] the respondent has

---

1. Ind. Admission and Discipline Rule 23(28)(c) provides:

(c) Upon the expiration of thirty (30) days from service of the order [order to show cause] set out in subsection (b), this Court shall impose discipline identical to that ordered in the other jurisdiction unless the Executive Secretary or the lawyer demonstrate, or this Court finds that it clearly appears

upon the face of the record from which the discipline is predicated, that:
  (1) The procedure was so lacking in notice or opportunity to be heard as to constitute a deprivation of due process;
  (2) There was such infirmity of proof establishing the misconduct as to give rise to the clear conviction that the Court could not, consistent with its duty, accept as final the conclusion on that subject;

failed to demonstrate why reciprocal discipline should not issue in this state.

IT IS, THEREFORE, ORDERED that the respondent, David Arnold Milks, is hereby suspended from the practice of law in this state. The respondent shall not be eligible to petition for reinstatement in this state pursuant to Admis.Disc.R. 23(4) until reinstated to the practice of law in Illinois or upon further order of this Court.

The Clerk of this Court is directed to forward notice of this Order to the respondent or his attorney, to the Indiana Supreme Court Disciplinary Commission, to the clerk of the United States Court of Appeals for the Seventh Circuit, to the clerk of each of the United States District Courts in this state, to the clerks of the United States Bankruptcy Courts in this state, to the Supreme Court of Illinois, and to all other entities pursuant to Admis.Disc.R. 23(3)(d), governing suspension.

All Justices concur.

(3) The imposition of the same discipline by the Court would be inconsistent with standards governing sanctions in this rule or would result in grave injustice; or

(4) The misconduct established warrants substantially different discipline in this state.

If this Court determines that any of those elements exists, this Court shall enter such other order of discipline as it deems appropriate. The burden is on the party seeking different discipline in this state to demonstrate that the imposition of the same discipline is unwarranted.

(d) In all other aspects, a final adjudication in another jurisdiction that a lawyer has been guilty of misconduct shall establish conclusively the misconduct for purposes of a disciplinary proceeding in this state.